**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMERICIAL LUBRICANTS, LLC | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: 1:14-CV-07483 |
| | ) |
| SAFETY-KLEEN SYSTEMS, INC. | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## DEFENDANT'S, SAFETY-KLEEN SYSTEMS, INC., ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND, WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

The defendant, Safety-Kleen Systems, Inc., answers the separately numbered paragraphs of the Amended Complaint as follows:

### Parties

1.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.     The defendant admits the allegations contained in this paragraph.

### Jurisdiction and Venue

3.     The defendant admits the allegations contained in this paragraph.

4.     The defendant admits the allegations contained in this paragraph.

### Facts

**A.**     **The Historical Relationship between NYCL and Defendant**

5.     The defendant denies the allegations contained in this paragraph.

6.     The defendant admits the allegations contained in this paragraph.

7.     The defendant denies the allegations contained in this paragraph.

8.      The defendant is without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in this paragraph.

9.      The defendant denies the allegations contained in this paragraph.

10.     The defendant denies the allegations contained in this paragraph.

11.     The defendant admits that NYCL and the plaintiff provided it with waste
oil and that the defendant paid NYCL and the plaintiff commissions for
the oil.

12.     The defendant denies the allegations contained in this paragraph.

**B.      Plaintiff's Continuation of NYCL's Relationship with Defendant**

13.     The defendant denies the allegations contained in this paragraph.

14.     The defendant denies the allegations contained in this paragraph.

15.     The defendant denies the allegations contained in this paragraph.

**C.      Defendant's Improper Efforts to Put Plaintiff Out of Business in
Order to Stifle Competition and Increase Defendant's Profits**

16.     The defendant denies the allegations contained in this paragraph.

17.     The defendant denies the allegations contained in this paragraph.

18.     The defendant denies the allegations contained in this paragraph.

19.     The defendant denies the allegations contained in this paragraph.

**1.      Defendant's Overcharges for Sales of CJ-4+Lubrizol**

20.     The defendant denies the allegations contained in this paragraph.

2.     **Defendant's Improper Charges for Storage of Defendant's Oil
and Failure to Timely Pay Commissions Owing to Plaintiff**

21.    The defendant admits that it entered into a written agreement with the

plaintiff in February 2014.  The agreement is a written document that

speaks for itself.

22.    The defendant denies the allegations contained in this paragraph.

23.    The defendant denies the allegations contained in this paragraph.

24.    The defendant denies the allegations contained in this paragraph.

25.    The defendant denies the allegations contained in this paragraph.

3.     **Defendant's Improper Charges for Sales to Full
Circle Manufacturing, Inc., a Different Entity**

26.    The defendant admits the allegations contained in this paragraph.

27.    The defendant denies the allegations contained in this paragraph.

28.    The defendant denies the allegations contained in this paragraph.

29.    The defendant denies the allegations contained in this paragraph.

4.     **Defendant's Improper Attempt to Charge Plaintiff for a
Disputed Invoice to Plaintiff's Predecessor**

30.    The defendant admits that the plaintiff owes it more than $429,300.74 for

services and products provided.  Defendant denies the remaining

allegations contained in this paragraph.

31.    The defendant denies the allegations contained in this paragraph.

32.    The defendant denies the allegations contained in this paragraph.

33.    The defendant denies the allegations contained in this paragraph.

34.    The defendant denies the allegations contained in this paragraph.

35.    The defendant denies the allegations contained in this paragraph.

### 5.   Improper Credit Hold

36.   The defendant denies the allegations contained in this paragraph.

37.   The defendant denies the allegations contained in this paragraph.

38.   Defendant admits that the plaintiff owes it more than $1,056,383.97 and its account is in arrears.  Defendant denies the remaining allegations in this paragraph.

### D.   Plaintiff's Breaches of its Exclusivity Agreement with Defendant

39.   The defendant denies the allegations contained in this paragraph.

40.   The defendant denies the allegations contained in this paragraph.

41.   The defendant denies the allegations contained in this paragraph.

42.   The defendant denies the allegations contained in this paragraph.

43.   The defendant denies the allegations contained in this paragraph.

44.   The defendant denies the allegations contained in this paragraph.

45.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46.   The defendant denies the allegations contained in this paragraph.

47.   The defendant denies the allegations contained in this paragraph.

48.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49.   The defendant denies the allegations contained in this paragraph.

50.   The defendant denies that it entered into the exclusivity agreement alleged by the plaintiff.  The defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**E.** **Defendant's Anti-Competitive Scheme**

51.     The defendant denies the allegations contained in this paragraph.

52.     The defendant denies the allegations contained in this paragraph.

53.     The defendant denies the allegations contained in this paragraph.

54.     The defendant denies the allegations contained in this paragraph.

**F.** **Defendant's Continuing Interference**
**With Plaintiff's Commercial Endeavors**

55.     The defendant denies the allegations contained in this paragraph.

**First Cause of Action**
**(Breach of Exclusivity Agreement)**

56.     The defendant answers to paragraphs 1 through 55 are repeated, reasserted and incorporated herein by reference.

57.     The defendant denies the allegations contained in this paragraph.

58.     The defendant denies the allegations contained in this paragraph.

**Second Cause of Action**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

59.     The defendant answers to paragraphs 1 through 58 are repeated, reasserted and incorporated herein by reference.

60.     The defendant denies that an agreement or contract existed between the parties.

61.     The defendant denies the allegations contained in this paragraph.

62.     The defendant denies the allegations contained in this paragraph.

63.     The defendant denies the allegations contained in this paragraph.

5

64.     The defendant denies the allegations contained in this paragraph.

65.     The defendant denies the allegations contained in this paragraph.

### Third Cause of Action
### (Breach of Credit Agreement)

66.     The defendant answers to paragraphs 1 through 65 are repeated, reasserted

and incorporated herein by reference.

67.     The defendant admits that Safety-Kleen extended credit to the plaintiff in

the amount of $750,000.00.  The defendant denies the remaining

allegations contained in this paragraph.

68.     The defendant denies the allegations contained in this paragraph.

69.     The defendant denies the allegations contained in this paragraph.

### Fourth Cause of Action
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

70.     The defendant answers to paragraphs 1 through 69 are repeated, reasserted

and incorporated herein by reference.

71.     The defendant denies the allegations contained in this paragraph.

72.     The defendant denies the allegations contained in this paragraph.

73.     The defendant denies the allegations contained in this paragraph.

74.     The defendant denies the allegations contained in this paragraph.

### Fifth Cause of Action
### (Breach of Implied Contract)

75.     The defendant answers to paragraphs 1 through 74 are repeated, reasserted

and incorporated herein by reference.

76.     The defendant denies the allegations contained in this paragraph.

77.     The defendant denies the allegations contained in this paragraph.

78.     The defendant denies the allegations contained in this paragraph.

79.     The defendant denies the allegations contained in this paragraph.

## Sixth Cause of Action
### (Breach of Implied Covenant of good Faith and Fair Dealing)

80.     The defendant answers to paragraphs 1 through 79 are repeated, reasserted and incorporated herein by reference.

81.     The defendant denies that an agreement or contract existed between the parties.

82.     The defendant denies the allegations contained in this paragraph.

83.     The defendant denies the allegations contained in this paragraph.

84.     The defendant denies the allegations contained in this paragraph.

85.     The defendant denies the allegations contained in this paragraph.

86.     The defendant denies the allegations contained in this paragraph

## Seventh Cause of Action
### (Promissory Estoppel)

87.     The defendant answers to paragraphs 1 through 86 are repeated, reasserted and incorporated herein by reference.

88.     The defendant denies the allegations contained in this paragraph.

89.     The defendant denies the allegations contained in this paragraph.

90.     The defendant denies the allegations contained in this paragraph.

91.     The defendant denies the allegations contained in this paragraph.

## Eighth Cause of Action
### (Equitable Estoppel)

92.     The defendant answers to paragraphs 1 through 91 are repeated, reasserted and incorporated herein by reference.

7

93.     The defendant denies the allegations contained in this paragraph.

94.     The defendant denies the allegations contained in this paragraph.

95.     The defendant denies the allegations contained in this paragraph.

96.     The defendant denies the allegations contained in this paragraph.

97.     The defendant denies the allegations contained in this paragraph.

98.     The defendant denies the allegations contained in this paragraph.

99.     The defendant denies the allegations contained in this paragraph.

100.    The defendant denies the allegations contained in this paragraph.

101.    The defendant denies the allegations contained in this paragraph.

## Ninth Cause of Action
### (Fraud)

102.    The defendant answers to paragraphs 1 through 101 are repeated, reasserted and incorporated herein by reference.

103.    The defendant denies the allegations contained in this paragraph.

104.    The defendant denies the allegations contained in this paragraph.

105.    The defendant denies the allegations contained in this paragraph.

106.    The defendant denies the allegations contained in this paragraph.

107.    The defendant denies the allegations contained in this paragraph.

108.    The defendant denies the allegations contained in this paragraph.

109.    The defendant denies the allegations contained in this paragraph.

110.    The defendant denies the allegations contained in this paragraph.

111.    The defendant denies the allegations contained in this paragraph.

### Tenth Cause of Action
**(Tortious Interference with Contract)**

112.   The defendant answers to paragraphs 1 through 111 are repeated, reasserted and incorporated herein by reference.

113.   The defendant denies the allegations contained in this paragraph.

114.   The defendant denies the allegations contained in this paragraph.

115.   The defendant denies the allegations contained in this paragraph.

116.   The defendant denies the allegations contained in this paragraph.

117.   The defendant denies the allegations contained in this paragraph.

118.   The defendant denies the allegations contained in this paragraph.

119.   The defendant denies the allegations contained in this paragraph.

120.   The defendant denies the allegations contained in this paragraph.

121.   The defendant denies the allegations contained in this paragraph.

122.   The defendant denies the allegations contained in this paragraph.

123.   The defendant denies the allegations contained in this paragraph.

### Eleventh Cause of Action
**(Tortious Interference with Prospective Economic Advantage)**

124.   The defendant answers to paragraphs 1 through 123 are repeated, reasserted and incorporated herein by reference.

125.   The defendant denies the allegations contained in this paragraph.

126.   The defendant denies the allegations contained in this paragraph.

127.   The defendant denies the allegations contained in this paragraph.

128.   The defendant denies the allegations contained in this paragraph.

129.   The defendant denies the allegations contained in this paragraph.

130.    The defendant denies the allegations contained in this paragraph.

131.    The defendant denies the allegations contained in this paragraph.

132.    The defendant denies the allegations contained in this paragraph.

133.    The defendant denies the allegations contained in this paragraph.

134.    The defendant denies the allegations contained in this paragraph.

135.    The defendant denies the allegations contained in this paragraph.

## Twelfth Cause of Action
### (Declaratory Judgment)

136.    The defendant answers to paragraphs 1 through 135 are repeated, reasserted and incorporated herein by reference.

137.    The defendant denies the allegations contained in this paragraph.

138.    The defendant denies the allegations contained in this paragraph.

139.    The defendant denies the allegations contained in this paragraph.

140.    The defendant denies the allegations contained in this paragraph.

## JURY DEMAND

The defendant Safety-Kleen Systems, Inc. demands a jury on all issues triable by a jury.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any alleged breach of contract by Safety-Kleen is excused by the material breach and/or failure to perform of the plaintiff.

10

## THIRD AFFIRMATIVE DEFENSE

The contracts referenced in the Amended Complaint are void and unenforceable for failure of consideration.

## FOURTH AFFIRMATIVE DEFENSE

The contracts referenced in the Amended Complaint are void and unenforceable because there was no meeting of the minds on the material terms.

## FIFTH AFFIRMATIVE DEFENSE

The contracts referenced in the Amended Complaint are void and unenforceable because they are ambiguous and uncertain with respect to material terms.

## SIXTH AFFIRMATIVE DEFENSE

The contracts referenced in the Amended Complaint are void and unenforceable pursuant to the statute of frauds.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred and/or damages must be reduced due to the plaintiff's failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred and/or damages must be reduced pursuant to the doctrine of set off.

## NINTH AFFIRMATIVE DEFENSE

The contracts referenced in the Amended Complaint are void and unenforceable pursuant to the doctrines of fraud, duress, and undue influence.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims fail, in whole or in part, due to the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's breach-of-contract claims are barred because the contracts referenced in the Amended Complaint were not signed by an individual with authority to act on behalf of Safety-Kleen.

## COUNTER-CLAIMS

NOW COMES the defendant, plaintiff in Counterclaim, Safety-Kleen Systems, Inc. (hereinafter "Safety-Kleen") under the provisions of Fed. R. Civ. P. 13 and serves the following Counterclaims against the plaintiff, defendant in counterclaim, Commercial Lubricants, LLC d/b/a Metrolube (hereinafter "Metrolube").

## FACTS

1.      Safety-Kleen entered into a contract with Metrolube, entitled Safety-Kleen Products Distributor Agreement, dated April 11, 2012 (hereinafter "the Contract").

2.      The Contract identified the pricing schedules for the products to be supplied by Safety-Kleen to Metrolube as of the effective date of the contract.

3.      The Contract states "prices are subject to change at any time upon written notice and the revised pricing letter shall thereafter be incorporated into the agreement.

4.      Periodically after the effective date of the Contract, Safety-Kleen notified Metrolube in writing about pricing changes for the various products that were sold to Metrolube.

12

5.      Metrolube agreed to compensate Safety-Kleen pursuant to the pricing terms of the Contract.

6.      As part of the Contract, Metrolube agreed that payments for the products it receive from Safety-Kleen would be made within 30 days of the date of the Safety-Kleen invoice.

7.      Metrolube also agreed that all payments outstanding more than 30 days from the date of Safety-Kleen's invoices would be subject to an accrual of interest at a rate of 1.5 percent per month (18% per annum).

8.      Metrolube also agreed to notify Safety-Kleen promptly of any questions concerning a charge in an invoice.

9.      From February 23, 2014 to October 31, 2014, purchases orders were issued requesting that Safety-Kleen ship recycled oil products to Metrolube.

10.     On various dates from February 23, 2014 to October 31, 2014, Safety-Kleen shipped its recycled oil products to Metrolube pursuant to the purchase orders.

11.     Metrolube received and accepted Safety-Kleen's recycled oil products.

12.     After shipping its products to Metrolube, Safety-Kleen sent detailed invoices to Metrolube which identify the products shipped, the quantities of the products and the unit price for the products.

13.     During this same period and after its receipt of Safety-Kleen's products, Metrolube sold the products to third-parties, and received consideration in return as a result of the sale.

14.     Metrolube breached the Contract and failed to pay Safety-Kleen approximately $1,056,000.00 for products it received pursuant to the Contract.

13

15.     Interest has accrued on the outstanding amounts owed by Metrolube to Safety-Kleen per the Contract.

16.     The Contract between Safety-Kleen and Metrolube was a fully integrated Contract.

17.     The parties had the necessary authority to enter into the Contract at the time of execution.

18.     Metrolube has failed to make payments owed to Safety-Kleen in breach of its contract.

19.     Metrolube received and accepted the defendant's products, and sold those products to third parties.

20.     Metrolube has been unjustly enriched by receiving and selling the defendant's products without reimbursement to the defendant.

21.     Metrolube, including its leadership team, have admitted that Metrolube received the defendant's products, and that it is required to pay Safety-Kleen for the products.

## COUNT I
## (BREACH OF CONTRACT)

22.     The defendant repeats, reiterates and incorporates the allegations contained in Paragraphs 1 through 21 of the Counterclaim.

23.     Pursuant to the Contract Safety-Kleen sold and delivered its products to Metrolube.

24.     Safety-Kleen materially performed all of its obligations under the Contract.

25.     Safety-Kleen has submitted invoices to Metrolube for all of the products it sold and delivered to Metrolube pursuant to the Contract. *See Exhibit A*

26.     Metrolube has failed, without excuse, to pay the invoices.

27.     Metrolube's failure to pay the invoices constitutes a material breach of the Contract.

28.     To the extent Safety-Kleen's products were received by Metrolube's alleged predecessor, New York Commercial Lubricants, Inc. ("NYCL"), Metrolube is responsible for NYCL's debts pursuant to the doctrine of successor liability.

29.     Metrolube has failed and refused to cure the breach of the agreement.

30.     As a result of Metrolube's breach of the Contract, Safety-Kleen has suffered damages and will continue to suffer damages.

**WHEREFORE**, Safety-Kleen demands judgment against the plaintiff, Commercial Lubricants LLC, d/b/a Metrolube, for damages in the amount to be determined at trial together with costs, fees, and interest.

## COUNT II
## (UNJUST ENRICHMENT)

31.     Safety-Kleen re-alleges and incorporates herein by reference Paragraphs 1 to 30 of its Counterclaims.

32.     During the period February 23, 2014 to October 31, 2014, Safety-Kleen supplied and sold products to Metrolube pursuant to the Contract.

33.     Metrolube accepted the products from Safety-Kleen pursuant to the contract, but failed to provide the consideration called for in the Contract for the products it accepted.

34.     Metrolube has retained the defendant's products, sold the defendant's products to third parties, and retained the proceeds from those products without providing the consideration called for in the contract.

15

35.     Allowing Metrolube to retain any money it received for the sale of the

defendant's products, and to accept the products without providing consideration called

for in the contract, would be against equity and good conscious and inequitable without

providing payment to Safety-Kleen for the contractually agreed to value of the products it

sold and delivered.

**WHEREFORE**, Safety-Kleen demands judgment against the plaintiff,

Commercial Lubricants LLC, d/b/a Metrolube, for damages in the amount to be

determined at trial together with costs, fees, and interest.

## JURY DEMAND

The defendant, plaintiff in counterclaim, Safety-Kleen Systems, Inc. demands a jury

on all issues triable by a jury.

THE DEFENDANT,
SAFETY-KLEEN SYSTEMS, INC.

By its attorney,

Dated: March 16, 2015                 */s/ Aaron R. White*
                                      Aaron R. White, *Admitted Pro Hac Vice*
                                      AWhite@bsctrialattorneys.com
                                      Boyle, Shaughnessy & Campo, P.C.
                                      695 Atlantic Avenue, 11th Fl.
                                      Boston, MA  02110
                                      Tel:  617.451.2000
                                      Fax:  617.451.5775

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of March, 2015.

*/s/ Aaron R. White*