RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, New York 10110
(212) 302-6574
Attorneys for Plaintiff Commercial Lubricants, LLC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMERCIAL LUBRICANTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAFETY-KLEEN SYSTEMS, INC.,<br><br>Defendant. | Case No. 14-cv-07483<br><br>ECF CASE<br><br>ANSWER TO COUNTERCLAIMS,<br>AFFIRMATIVE DEFENSES<br>AND JURY DEMAND |

Plaintiff Commercial Lubricants, LLC ("Plaintiff"), by way of Answer to the Counter-claims of defendant Safety-Kleen Systems, Inc., says as follows:

## FACTS

1. Plaintiff denies the allegations set forth in Paragraph 1.

2. Plaintiff denies the allegations set forth in Paragraph 2.

3. Insofar as Paragraph 3 incorporates the allegations made in the preceding Paragraphs, Plaintiff denies the allegations set forth in Paragraph 3. Plaintiff refers to the referenced document for the terms thereof.

4. Plaintiff denies the allegations set forth in Paragraph 4.

5. Plaintiff denies the allegations set forth in Paragraph 5.

6. Plaintiff denies the allegations set forth in Paragraph 6.

7. Plaintiff denies the allegations set forth in Paragraph 7.

8. Plaintiff denies the allegations set forth in Paragraph 8.

9. Plaintiff admits only that Plaintiff issued purchase orders for re-refined oil products to Defendant during the period stated. Plaintiff denies the other allegations set forth in this Paragraph.

10. Plaintiff admits only that Defendant shipped re-refined oil products to Plaintiff during the period stated. Plaintiff denies the other allegations set forth in this Paragraph. Further, on at least one occasion, the product received by Plaintiff from Defendant did not meet stated specifications.

11. Plaintiff admits that Plaintiff accepted certain shipments of re-refined oil products shipped to Plaintiff. Plaintiff denies the other allegations set forth in this Paragraph.

12. Plaintiff denies the allegations set forth in Paragraph 12.

13. Plaintiff admits the allegations set forth in Paragraph 13. However, on at least one occasion, the product received by Plaintiff from Defendant did not meet stated specifications, and Plaintiff did not receive the consideration that it would have received if the product had not been faulty.

14. Plaintiff denies the allegations set forth in Paragraph 14.

15. Plaintiff denies the allegations set forth in Paragraph 15.

16. Plaintiff denies the allegations set forth in Paragraph 16.

17. Plaintiff denies the allegations set forth in Paragraph 17.

18. Plaintiff denies the allegations set forth in Paragraph 18,

19. Plaintiff admits the allegations set forth in Paragraph 19. However, on at least one occasion, the product received by Plaintiff from Defendant did not meet

stated specifications, and Plaintiff did not receive the consideration that it would have received if the product had not been faulty.

20. Plaintiff denies the allegations set forth in Paragraph 20.

21. Plaintiff denies that it agreed to pay the amounts sought by Defendant for product delivered to Plaintiff by Defendant or that Plaintiff has any obligation to pay said amounts.

## COUNT I
### (Breach of Contract)

22. Plaintiff repeats and incorporates each and every paragraph of this Answer as if set forth at length herein.

23. Insofar as Paragraph 23 incorporates the previous allegations set forth in Paragraph 1, Plaintiff denies the allegations set forth in Paragraph 23.

24. Plaintiff denies the allegations set forth in Paragraph 24.

25. Plaintiff denies the allegations set forth in Paragraph 25.

26. Plaintiff denies the allegations set forth in Paragraph 26.

27. Plaintiff denies the allegations set forth in Paragraph 27.

28. Plaintiff denies the allegations set forth in Paragraph 28.

29. Plaintiff denies the allegations set forth in Paragraph 29.

30. Plaintiff denies the allegations set forth in Paragraph 30.

## COUNT II
### (Unjust Enrichment)

31. Plaintiff repeats and incorporates each and every paragraph of this Answer as if set forth at length herein.

32. Plaintiff denies the allegations set forth in Paragraph 32.

33. Plaintiff denies the allegations set forth in Paragraph 33.

34. Plaintiff denies the allegations set forth in Paragraph 34.

35. Plaintiff denies the allegations set forth in Paragraph 35.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant's Counter-Claims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant's Counter-Claims are barred under the doctrine of waiver.

### Third Affirmative Defense

Defendant's Counter-Claims are barred under the doctrine of estoppel.

### Fourth Affirmative Defense

Defendant's Counter-Claims are barred under the doctrine of unclean hands.

### Fifth Affirmative Defense

Defendant's Counter-Claims are barred by the parties' agreements as set forth in Plaintiff's Complaint.

### Sixth Affirmative Defense

Defendant's Counter-Claims are barred by lack of privity of contract.

### Seventh Affirmative Defense

Defendant's Counter-Claims are barred by lack of consideration.

### Eighth Affirmative Defense

Defendant's Counter-Claims are barred and/or any alleged damages must be reduced due to Defendant's failure to mitigate its damages.

### Ninth Affirmative Defense

Defendant's Counter-Claims are barred and/or any alleged damages must be reduced under the doctrine of set off.

### Tenth Affirmative Defense

The Contract referred to in Defendant's Counter-Claims is unenforceable because key material terms are indefinite and uncertain.

### Eleventh Affirmative Defense

The Contract referred to in Defendant's Counter-Claims is unconscionable.

### Twelfth Affirmative Defense

Defendant's Counter-Claims are barred due to the failure of one or more conditions precedent to any purported assignment of the Contract to Plaintiff.

WHEREFORE plaintiff Commercial Lubricants, LLC demands that judgment be entered in its favor dismissing Defendant's Counter-claims and all claims asserted therein and denying Plaintiff's requests for relief with prejudice and awarding costs, attorney's fees and such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff Commercial Lubricants, LLC hereby demands a trial by jury with respect to all issues so triable.

                                              RIKER, DANZIG, SCHERER, HYLAND
                                                  & PERRETTI LLP
                                              Attorneys for Plaintiff
                                              Commercial Lubricants, LLC


BY:   */s/ Jonathan Vuotto*
           JONATHAN VUOTTO
           jvuotto@riker.com

Dated: April 2, 2015

4591590v1