# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

_____

COMMERICIAL LUBRICANTS, LLC    )
    )
    Plaintiff,    )
    )
vs.    )    Case No.:  1:14-CV-07483
    )
SAFETY-KLEEN SYSTEMS, INC.    )
    )
    Defendant.    )
_____)

## DEFENDANT'S, SAFETY-KLEEN SYSTEMS, INC., ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND, WITH AFFIRMATIVE DEFENSES

The defendant, Safety-Kleen Systems, Inc., answers the separately numbered paragraphs of the Second Amended Complaint as follows:

### Parties

1.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.    The defendant admits the allegations contained in this paragraph.

### Jurisdiction and Venue

3.    The defendant admits the allegations contained in this paragraph.

4.    The defendant admits the allegations contained in this paragraph.

### Facts

**A.    The Historical Relationship between NYCL and Defendant**

5.    The defendant denies the allegations contained in this paragraph.

6.    The defendant admits the allegations contained in this paragraph.

7.    The defendant denies the allegations contained in this paragraph.

8.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.      The defendant denies the allegations contained in this paragraph.

10.     The defendant denies the allegations contained in this paragraph.

11.     The defendant admits that NYCL and the plaintiff provided it with waste oil and that the defendant paid NYCL and the plaintiff commissions for the oil.

12.     The defendant denies the allegations contained in this paragraph.

**B.      Plaintiff's Continuation of NYCL's Relationship with Defendant**

13.     The defendant denies the allegations contained in this paragraph.

14.     The defendant denies the allegations contained in this paragraph.

15.     The defendant denies the allegations contained in this paragraph.

**C.      Defendant's Improper Efforts to Put Plaintiff Out of Business in Order to Stifle Competition and Increase Defendant's Profits**

16.     The defendant denies the allegations contained in this paragraph.

17.     The defendant denies the allegations contained in this paragraph.

18.     The defendant denies the allegations contained in this paragraph.

19.     The defendant denies the allegations contained in this paragraph.

**1.      Defendant's Overcharges for Sales of CJ-4+Lubrizol**

20.     The defendant denies the allegations contained in this paragraph.

**2.  Defendant's Improper Charges for Storage of Defendant's Oil and Failure to Timely Pay Commissions Owing to Plaintiff**

21.  The defendant admits that it entered into a written agreement with the plaintiff in February 2014.  The agreement is a written document that speaks for itself.

22.  The defendant denies the allegations contained in this paragraph.

23.  The defendant denies the allegations contained in this paragraph.

24.  The defendant denies the allegations contained in this paragraph.

25.  The defendant denies the allegations contained in this paragraph.

**3.  Defendant's Improper Charges for Sales to Full Circle Manufacturing, Inc., a Different Entity**

26.  The defendant admits the allegations contained in this paragraph.

27.  The defendant denies the allegations contained in this paragraph.

28.  The defendant denies the allegations contained in this paragraph.

29.  The defendant denies the allegations contained in this paragraph.

**4.  Defendant's Improper Attempt to Charge Plaintiff for a Disputed Invoice to Plaintiff's Predecessor**

30.  The defendant admits that the plaintiff owes it more than $429,300.74 for services and products provided.  Defendant denies the remaining allegations contained in this paragraph.

31.  The defendant denies the allegations contained in this paragraph.

32.  The defendant denies the allegations contained in this paragraph.

33.  The defendant denies the allegations contained in this paragraph.

34.  The defendant denies the allegations contained in this paragraph.

35.  The defendant denies the allegations contained in this paragraph.

**5.** **Improper Credit Hold**

36.     The defendant denies the allegations contained in this paragraph.

37.     The defendant denies the allegations contained in this paragraph.

38.     Defendant admits that the plaintiff owes it more than $1,056,383.97 and
its account is in arrears.  Defendant denies the remaining allegations in
this paragraph.

**D.**     **<u>Plaintiff's Breaches of its Exclusivity Agreement with Defendant</u>**

39.     The defendant denies the allegations contained in this paragraph.

40.     The defendant denies the allegations contained in this paragraph.

41.     The defendant denies the allegations contained in this paragraph.

42.     The defendant denies the allegations contained in this paragraph.

43.     The defendant denies the allegations contained in this paragraph.

44.     The defendant denies the allegations contained in this paragraph.

45.     The defendant is without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in this paragraph.

46.     The defendant denies the allegations contained in this paragraph.

47.     The defendant denies the allegations contained in this paragraph.

48.     The defendant is without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in this paragraph.

49.     The defendant denies the allegations contained in this paragraph.

50.     The defendant denies that it entered into the exclusivity agreement alleged
by the plaintiff.  The defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**E.      Defendant's Anti-Competitive Scheme**

51.      The defendant denies the allegations contained in this paragraph.

52.      The defendant denies the allegations contained in this paragraph.

53.      The defendant denies the allegations contained in this paragraph.

54.      The defendant denies the allegations contained in this paragraph.

**F.      Defendant's Continuing Interference With Plaintiff's Commercial Endeavors**

55.      The defendant denies the allegations contained in this paragraph.

**First Cause of Action**
**(Breach of Exclusivity Agreement)**

56.      The defendant answers to paragraphs 1 through 55 are repeated, reasserted and incorporated herein by reference.

57.      The defendant denies the allegations contained in this paragraph.

58.      The defendant denies the allegations contained in this paragraph.

**Second Cause of Action**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

59.      The defendant answers to paragraphs 1 through 58 are repeated, reasserted and incorporated herein by reference.

60.      The defendant denies that an agreement or contract existed between the parties.

61.      The defendant denies the allegations contained in this paragraph.

62.      The defendant denies the allegations contained in this paragraph.

63.      The defendant denies the allegations contained in this paragraph.

64.     The defendant denies the allegations contained in this paragraph.

65.     The defendant denies the allegations contained in this paragraph.

### Third Cause of Action
**(Breach of Credit Agreement)**

66.     The defendant answers to paragraphs 1 through 65 are repeated, reasserted

and incorporated herein by reference.

67.     The defendant admits that Safety-Kleen extended credit to the plaintiff in

the amount of $750,000.00.  The defendant denies the remaining

allegations contained in this paragraph.

68.     The defendant denies the allegations contained in this paragraph.

69.     The defendant denies the allegations contained in this paragraph.

### Fourth Cause of Action
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

70.     The defendant answers to paragraphs 1 through 69 are repeated, reasserted

and incorporated herein by reference.

71.     The defendant denies the allegations contained in this paragraph.

72.     The defendant denies the allegations contained in this paragraph.

73.     The defendant denies the allegations contained in this paragraph.

74.     The defendant denies the allegations contained in this paragraph.

### Fifth Cause of Action
**(Breach of Implied Contract)**

75.     The defendant answers to paragraphs 1 through 74 are repeated, reasserted

and incorporated herein by reference.

76.     The defendant denies the allegations contained in this paragraph.

77.     The defendant denies the allegations contained in this paragraph.

78.     The defendant denies the allegations contained in this paragraph.

79.     The defendant denies the allegations contained in this paragraph.

## Sixth Cause of Action
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

80.     The defendant answers to paragraphs 1 through 79 are repeated, reasserted

        and incorporated herein by reference.

81.     The defendant denies that an agreement or contract existed between the

        parties.

82.     The defendant denies the allegations contained in this paragraph.

83.     The defendant denies the allegations contained in this paragraph.

84.     The defendant denies the allegations contained in this paragraph.

85.     The defendant denies the allegations contained in this paragraph.

86.     The defendant denies the allegations contained in this paragraph

## Seventh Cause of Action
### (Promissory Estoppel)

87.     The defendant answers to paragraphs 1 through 86 are repeated, reasserted

        and incorporated herein by reference.

88.     The defendant denies the allegations contained in this paragraph.

89.     The defendant denies the allegations contained in this paragraph.

90.     The defendant denies the allegations contained in this paragraph.

91.     The defendant denies the allegations contained in this paragraph.

## Eighth Cause of Action
### (Equitable Estoppel)

92.     The defendant answers to paragraphs 1 through 91 are repeated, reasserted

        and incorporated herein by reference.

93.     The defendant denies the allegations contained in this paragraph.

94.     The defendant denies the allegations contained in this paragraph.

95.     The defendant denies the allegations contained in this paragraph.

96.     The defendant denies the allegations contained in this paragraph.

97.     The defendant denies the allegations contained in this paragraph.

98.     The defendant denies the allegations contained in this paragraph.

99.     The defendant denies the allegations contained in this paragraph.

100.    The defendant denies the allegations contained in this paragraph.

101.    The defendant denies the allegations contained in this paragraph.

## Ninth Cause of Action
### (Fraud)

102.    The defendant answers to paragraphs 1 through 101 are repeated,

        reasserted and incorporated herein by reference.

103.    The defendant denies the allegations contained in this paragraph.

104.    The defendant denies the allegations contained in this paragraph.

105.    The defendant denies the allegations contained in this paragraph.

106.    The defendant denies the allegations contained in this paragraph.

107.    The defendant denies the allegations contained in this paragraph.

108.    The defendant denies the allegations contained in this paragraph.

109.    The defendant denies the allegations contained in this paragraph.

110.    The defendant denies the allegations contained in this paragraph.

111.    The defendant denies the allegations contained in this paragraph.

## Tenth Cause of Action
### (Tortious Interference with Contract)

112. The defendant answers to paragraphs 1 through 111 are repeated, reasserted and incorporated herein by reference.

113. The defendant denies the allegations contained in this paragraph.

114. The defendant denies the allegations contained in this paragraph.

115. The defendant denies the allegations contained in this paragraph.

116. The defendant denies the allegations contained in this paragraph.

117. The defendant denies the allegations contained in this paragraph.

118. The defendant denies the allegations contained in this paragraph.

119. The defendant denies the allegations contained in this paragraph.

120. The defendant denies the allegations contained in this paragraph.

121. The defendant denies the allegations contained in this paragraph.

122. The defendant denies the allegations contained in this paragraph.

123. The defendant denies the allegations contained in this paragraph.

## Eleventh Cause of Action
### (Tortious Interference with Prospective Economic Advantage)

124. The defendant answers to paragraphs 1 through 123 are repeated, reasserted and incorporated herein by reference.

125. The defendant denies the allegations contained in this paragraph.

126. The defendant denies the allegations contained in this paragraph.

127. The defendant denies the allegations contained in this paragraph.

128. The defendant denies the allegations contained in this paragraph.

129. The defendant denies the allegations contained in this paragraph.

130.    The defendant denies the allegations contained in this paragraph.

131.    The defendant denies the allegations contained in this paragraph.

132.    The defendant denies the allegations contained in this paragraph.

133.    The defendant denies the allegations contained in this paragraph.

134.    The defendant denies the allegations contained in this paragraph.

135.    The defendant denies the allegations contained in this paragraph.

### Twelfth Cause of Action
**(Declaratory Judgment)**

136.    The defendant answers to paragraphs 1 through 135 are repeated,

reasserted and incorporated herein by reference.

137.    The defendant denies the allegations contained in this paragraph.

138.    The defendant denies the allegations contained in this paragraph.

139.    The defendant denies the allegations contained in this paragraph.

140.    The defendant denies the allegations contained in this paragraph.

### Thirteenth Cause of Action
**(Breach of Waste Oil Agreement)**

141.    The defendant answers to paragraphs 1 through 140 are repeated,

reasserted and incorporated herein by reference.

142.    The defendant denies the allegations contained in this paragraph.

143.    The defendant denies the allegations contained in this paragraph.

### JURY DEMAND

The defendant Safety-Kleen Systems, Inc. demands a jury on all issues triable by a

jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any alleged breach of contract by Safety-Kleen is excused by the material breach and/or failure to perform of the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The contracts referenced in the Second Amended Complaint are void and unenforceable for failure of consideration.

### FOURTH AFFIRMATIVE DEFENSE

The contracts referenced in the Second Amended Complaint are void and unenforceable because there was no meeting of the minds on the material terms.

### FIFTH AFFIRMATIVE DEFENSE

The contracts referenced in the Second Amended Complaint are void and unenforceable because they are ambiguous and uncertain with respect to material terms.

### SIXTH AFFIRMATIVE DEFENSE

The contracts referenced in the Second Amended Complaint are void and unenforceable pursuant to the statute of frauds.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred and/or damages must be reduced due to the plaintiff's failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred and/or damages must be reduced pursuant to the doctrine of set off.

## NINTH AFFIRMATIVE DEFENSE

The contracts referenced in the Second Amended Complaint are void and unenforceable pursuant to the doctrines of fraud, duress, and undue influence.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims fail, in whole or in part, due to the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's breach-of-contract claims are barred because the contracts referenced in the Second Amended Complaint were not signed by an individual with authority to act on behalf of Safety-Kleen.

THE DEFENDANT,
SAFETY-KLEEN SYSTEMS, INC.

By its attorney,


Dated: August 25, 2015

*/s/ Aaron R. White*
Aaron R. White, *Admitted Pro Hac Vice*
AWhite@bsctrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
695 Atlantic Avenue, 11th Fl.
Boston, MA 02110
Tel: 617.451.2000
Fax: 617.451.5775

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 25th day of August, 2015.

*/s/ Aaron R. White*