UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------
COMMERCIAL LUBRICANTS, LLC,

       Plaintiff,      **MEMORANDUM & ORDER**
                     14-CV-7483 (MKB)
  v.

SAFETY-KLEEN SYSTEMS, INC.,

       Defendant.
-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff and Counterclaim-Defendant Commercial Lubricants, LLC commenced the above-captioned action against Defendant and Counterclaim-Plaintiff Safety-Kleen Systems, Inc., alleging that Defendant breached certain contracts relating to the distribution of recycled oil, (Compl., Docket Entry No. 1), and subsequently filed a Second Amended Complaint ("SAC"), asserting claims for, *inter alia*, breach of a "Used Oil Incentive Agreement" governing the disposal of waste oil (the "Waste Oil Agreement"), (SAC ¶¶ 141–43, Docket Entry No. 14). Defendant moved for partial summary judgment as to Plaintiff's claims and for summary judgment on its counterclaims,[1] and on October 17, 2018, the Court granted Defendant's motion as to Plaintiff's claims for breach of the Waste Oil Agreement, but noted that Plaintiff may be able to pursue post-termination damages "on alternative legal theories other than based on the

---

[1] (Def. Mot. for Partial Summ. J., Docket Entry No. 39; Def. Mem. in Supp. of Def. Mot. for Partial Summ. J., Docket Entry No. 39-1; Def. Suppl. Mem. in Supp. of Def. Mot. for Partial Summ. J., Docket Entry No. 54; Pl. Mem. in Opp'n of Def. Mot. for Partial Summ. J, Docket Entry No. 41.)

contract."[2] *Commercial Lubricants, LLC v. Safety-Kleen Sys., Inc.*, No. 14-CV-7483, 2018 WL 5045760, at *14 (E.D.N.Y. Oct. 17, 2018).

Currently before the Court is Plaintiff's motion to amend the SAC to add claims for (1) violation of the implied covenant of good faith and fair dealing in the Waste Oil Agreement, (2) breach of the Waste Oil Agreement for waste oil collected between October of 2014 and February 14, 2015, (3) unjust enrichment, and (4) quantum meruit. (*See generally* Pl. Mot. to Am. ("Pl. Mot."), Docket Entry No. 68; Pl. Mem. in Supp. of Pl. Mot. ("Pl. Mem."), Docket Entry No. 68-1.)[3] Defendant opposes Plaintiff's motion on the grounds that Plaintiff has not satisfied Rules 16(b) and 15(a) of the Federal Rules of Civil Procedure. (Def. Resp. in Opp'n to Pl. Mot ("Def. Resp."), Docket Entry No. 72.) As further discussed below, because Plaintiff has shown good cause and there is no evidence of undue delay, bad faith, undue prejudice, or futility,

---

[2] By Memorandum and Order dated August 8, 2018, the Court granted in part and denied in part Defendant's motion for summary judgment. (Mem. and Order dated Aug. 8, 2017, Docket Entry No. 51); *Commercial Lubricants, LLC v. Safety-Kleen Sys., Inc.*, No. 14-CV-7483, 2017 WL 3432073, at *1 (E.D.N.Y. Aug. 8, 2017). The Court granted Defendant's motion as to Plaintiff's claims for breach of the implied covenant of good faith, fair dealing, promissory estoppel, equitable estoppel, fraud, tortious interference with contract and prospective economic advantage, and declaratory judgment. (Mem. and Order dated Aug. 8, 2017, Docket Entry No. 51); *Commercial Lubricants, LLC v. Safety-Kleen Sys., Inc.*, No. 14-CV-7483, 2017 WL 3432073, at *1 (E.D.N.Y. Aug. 8, 2017). The Court denied Defendant's motion for partial summary judgment as to Plaintiff's claims for breach of the exclusivity agreement and the implied exclusivity agreement, as well as Defendant's motion for summary judgment on its counterclaims for breach of contract and unjust enrichment. (Mem. and Order dated Aug. 8, 2017, Docket Entry No. 51); *Commercial Lubricants, LLC v. Safety-Kleen Sys., Inc.*, No. 14-CV-7483, 2017 WL 3432073, at *1 (E.D.N.Y. Aug. 8, 2017). In addition, the Court reserved judgment on Plaintiff's claim for breach of the Waste Oil Agreement, and instructed the parties to brief the issues explained in the Memorandum and Order. (Mem. and Order dated Aug. 8, 2017, Docket Entry No. 51); *Commercial Lubricants, LLC v. Safety-Kleen Sys., Inc.*, No. 14-CV-7483, 2017 WL 3432073, at *1 (E.D.N.Y. Aug. 8, 2017).

[3] On February 26, 2019, Plaintiff moved to amend the Second Amended Complaint, (Pl. Second Mot. to Am., Docket Entry No. 68), and by letter dated February 26, 2019, informed the Court that it had inadvertently failed to file the proposed Third Amended Complaint, (Feb. 26, 2019 Letter, Docket Entry No. 71).

2

the Court grants Plaintiff's motion.

## I. Background

The Court assumes familiarity with the underlying facts and procedural history of the case as set forth in its prior decisions, *see Commercial Lubricants, LLC v. Safety-Kleen Sys., Inc.*, No. 14-CV-7483, 2017 WL 3432073, at *1 (E.D.N.Y. Aug. 8, 2017); *see also Commercial Lubricants, LLC*, 2018 WL 5045760, at *1, and provides only a summary of the relevant facts and procedural history below.

### a. Discovery dispute

On October 4, 2016, Plaintiff filed a letter motion seeking to compel production of documents responsive to Plaintiff's prior requests for documents relating to waste oil collections for the period of February of 2015 to October 4, 2016. (Letter dated Oct. 4, 2014, Docket Entry No. 34.) On October 19, 2016, Chief Magistrate Judge Roanne L. Mann held a telephone conference and granted Plaintiff's motion to compel discovery. (Minute Entry dated Oct. 19, 2016.) Judge Mann also issued an order "express[ing] [her] displeasure that [Defendant], in violation of Fed. R. Civ. P. 34, failed to make clear that it was withholding documents relating to waste oil received from Plaintiff's customers after February of 2015," but ultimately ruled that production of the documents relating to the waste oil collections for the period of February of 2015 to October 4, 2016 would be deferred until the Court ruled on Defendant's motion for summary judgment (the "October 19, 2016 Discovery Order"). (*Id.*)

### b. The Court's October 17, 2018 decision

In the October 17, 2018 Decision, the Court granted Defendant's motion for summary judgment as to Plaintiff's claim for breach of the Waste Oil Agreement. *See generally Commercial Lubricants, LLC*, 2018 WL 5045760. As relevant for purposes of this decision, the

Court found that the Waste Oil Agreement was terminated effective February 14, 2015. *Id*. at *14. However, the Court stated that it could not "conclude as a matter of law that Plaintiff may not recover any post-termination damages" from Defendant on alternative legal theories other than based on a breach of the Waste Oil Agreement. *Id*.

### c. Orders and filings after the October 17, 2018 decision

On October 23, 2018, Judge Mann issued an order briefly discussing the Court's October 17, 2018 Decision, granting Defendant's motion for summary judgment (the "October 23, 2018 Discovery Order"). (Oct. 23, 2018 Discovery Order, Docket Entry No. 60.) In light of the October 17, 2018 Decision, Judge Mann directed Defendant to produce to Plaintiff, by November 7, 2018, documents relating to the used oil collections for the period after the termination of the Waste Oil Agreement, specifically, February of 2015 to October 4, 2016. (*Id*.) In addition, Judge Mann directed the parties to serve and file their Joint Pretrial Order in accordance with the Court's Individual Practices and Rules. (*Id*.)

On November 14, 2018, Defendant filed a motion for a protective order arguing that Plaintiff's demand for additional discovery was outside of the scope of the October 19, 2016 Discovery Order. (Def. Mot. for Protective Order, Docket Entry No. 61.) In Defendant's motion, Defendant noted that after Judge Mann issued the October 23, 2018 Discovery Order, Defendant contacted Plaintiff's counsel to confer and determine whether Plaintiff "intended to advance any alternative legal theories such that [Plaintiff] still required [Defendant] to produce documents concerning waste oil collection after the termination date of the contract." (*Id*. at 2.) On November 5, 2018, Plaintiff responded to Defendant's inquiry and advised defense counsel that Plaintiff expected Defendant to "produce all of the documents that [Judge Mann] ha[d] directed [Defendant] to provide, including any and all back-up information." (*Id*.) Plaintiff's

4

counsel noted that at this time, it "could not, or would not, advise [Defendant] as to the alternative legal theories under which it believes [Plaintiff] could pursue damages." (*Id*.) On November 7, 2018, Defendant produced to Plaintiff "[forty-three] pages of spreadsheets identifying all waste oil collections made by [Defendant] from customers originally referred to [Defendant] by [Plaintiff] during the period from February 15, 2015 to October 19, 2016," (the "November 7, 2018 Discovery Production"). (*Id*. at 3.) On November 20, 2018, a day after filing its letter motion, Defendant withdrew its motion requesting a protective order. (Def. Mot. to Withdraw Request for Protective Order, Docket Entry No. 63.)

### d. Plaintiff's application to amend the Second Amended Complaint

On December 12, 2018, Plaintiff filed a letter requesting a pre-motion conference in anticipation of its proposed motion to amend the SAC. (Pl. Letter dated Dec. 12, 2018, Docket Entry No. 66.) Defendant filed a letter in opposition to Plaintiff's application on December 19, 2018. (Def. Letter dated Dec. 19, 2018, Docket Entry No. 67.) The Court held a pre-motion conference on January 29, 2019 and heard arguments from the parties on Plaintiff's request for leave to amend the SAC. (Minute Entry dated Jan. 29, 2019.) At the conclusion of the pre-motion conference, the Court directed the parties to brief Plaintiff's motion for leave to amend the SAC. (*Id*.)

## II. Discussion

### a. Standard of review

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir.

2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283). However, motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *Monahan*, 214 F.3d at 283.

"Although a court should freely give leave to amend where justice so requires Fed. R. Civ. P. 15(a)(2), this must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Manuel v. Pepsi-Cola Co.*, 763 F. App'x 108, 109 (2d Cir. 2019) (quoting *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009)); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Whether good cause exists turns on the diligence of the moving party and whether the moving party's amendment would significantly prejudice the non-moving party. *See Emengo v. Stark*, No. 18-CV-1942, 2019 WL 2206250, at *2 (2d Cir. May 22, 2019) ("The 'primary consideration' in assessing good cause is the 'diligence' of the moving party." (citing *Kassner v. 2nd Ave. Deli. Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)); *see also Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) ("We will find 'good cause' where the moving party has demonstrated 'diligence' . . . and the amendment would not significantly prejudice the nonmoving party." (first citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); and then citing *Kassner*, 496 F.3d at 244)); *Holmes*, 568 F.3d at 334–35 ("[T]he lenient

standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause . . . . Whether good cause exists turns on the diligence of the moving party." (citing *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2003) (quoting older versions of Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure)).

      **b.    Plaintiff has shown good cause to amend**

Plaintiff seeks leave to amend the SAC to allege (1) that Defendant violated the implied covenant of good faith and fair dealing in the Waste Oil Agreement, (2) breach of the Waste Oil Agreement for waste oil collected between October of 2014 and February 14, 2015, (3) unjust enrichment, and (4) quantum meruit. (*See generally* Pl. Mem.) In support of its application, Plaintiff argues that "there is good cause under Rule 16(4)(B) to modify the March 27, 2015 scheduling order," and that its motion is timely, not filed in bad faith, and that proposed amendments are not futile. (Pl. Reply in Supp. of Mot. to Am. ("Pl. Reply."), Docket Entry No. 73.)

Defendant opposes Plaintiff's motion to amend on the grounds that it "fails to satisfy the Fed. R. Civ. P. 16(b)(4) 'good cause' requirement, and Rule 15(a)(2) because the amendment is futile . . . ," and "will result in substantial prejudice to . . . [D]efendant . . . [and] the motion is brought in bad faith . . . ." (Def. Resp. 3.)

In light of the Court's October 2018 Decision and Defendant's November 7, 2018 Discovery Production, the Court finds that Plaintiff has shown good cause for amending the SAC under Rule 16(b).

In the October 2018 Decision, the Court granted Defendant's motion for summary judgment as to Plaintiff's claim for breach of the Waste Oil Agreement, noting, however, that it

7

could not conclude as a matter of law that Plaintiff may not recover any post-termination damages from Defendant and that Plaintiff may still be able to maintain a claim against Defendant under an alternative legal theory. *Commercial Lubricants, LLC*, 2018 WL 5045760, at *14. Further, pursuant to Judge Mann's October 23, 2018 Order, on November 14, 2018, Defendant produced "[forty-three] pages of spreadsheets identifying all waste oil collections made by [Defendant] from customers originally referred to [Defendant] by [Plaintiff] during the period from February 15, 2015 to October 19, 2016." (Def. Mot. for Protective Order 3.) Shortly thereafter, on December 12, 2018, Plaintiff filed a letter requesting a pre-motion conference in anticipation of its motion for leave to amend the SAC to add claims for damages under alternative legal theories of liability. (Letter dated Dec. 12, 2018, Docket Entry No. 66.) Because Plaintiff's proposed amendments essentially rely on the facts around the Waste Oil Agreement and Plaintiff diligently filed its application to amend after receipt of information pursuant to the November 7, 2018 Discovery Production, Plaintiff's request to amend the SAC at this stage of the case satisfies the good cause requirement under Rule 16(b). *See Olaf Soot Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 399 (S.D.N.Y. 2017) (granting the plaintiff leave to amend where the plaintiff filed the motion to amend within a few months after receiving and reviewing relevant discovery from the defendant); *see also Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 148–49 (S.D.N.Y. 2012) (finding no lack of diligence and allowing the plaintiff to amend two months after the plaintiff learned new facts through discovery); *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (finding good cause and no lack of diligence where plaintiff "may have suspected" that defendant breached an agreement but only filed the motion to amend when its cause of action was "based on factual allegations, not factual speculation"). Further, Plaintiff filed its letter

8

requesting a pre-motion conference to amend the SAC shortly after the Court's October 2018 Decision in which the Court noted that Plaintiff may be able to recover damages under alternative legal theories.

In addition, Plaintiff's proposed amendments at this stage would not prejudice Defendant. *See Kassner*, 496 F.3d at 244 ("The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants."). As noted in Defendant's November 14, 2018 motion for a protective order, Defendant inquired as to whether Plaintiff's counsel intended to pursue damages on alternative legal theories after receiving the requested discovery, (Def. Mot. for Protective Order 2), which suggests that Defendant knew that there was a possibility that Plaintiff would seek to amend the SAC after receiving additional discovery with respect to the Waste Oil Agreement. Although Plaintiff stated that it "could not, or would not, advise [Defendant] as to the alternative legal theories under which it believes [Plaintiff] could pursue damages," (Def. Mot. for Protective Order 2), Plaintiff promptly filed a letter in anticipation of its motion to amend the SAC, expressing its intention to pursue damages under alternative legal theories approximately a month after the November 7, 2018 Discovery Production. In addition, a trial date has not been set at this stage of the litigation and Plaintiff's proposed amendments pertain to facts involving the Waste Oil Agreement, facts that are already in the record or would likely require very limited additional discovery. *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (reversing denial of motion to amend and finding that an amendment would cause delay, but not undue prejudice because "amended claim was obviously one of the objects of discovery and related closely to the original claim" and no trial date had been set).

9

Accordingly, the Court finds that Plaintiff has satisfied the "good cause" requirement of Rule 16(b)(4).

### c. Plaintiff may amend under Rule 15(a)

The Court also finds that there is no evidence of undue delay, bad faith, undue prejudice, or futility. As discussed *supra*, Plaintiff's proposed amendments will not prejudice Defendant as Defendant was likely aware of the possibility that Plaintiff may seek damages under alternative legal theories. In addition, the Court noted in the October 17, 2018 Decision that it would not foreclose Plaintiff from pursuing damages on alternative legal theories. Plaintiff's motion is also timely as it was filed shortly after the October 17, 2018 Decision and the November 7, 2018 Discovery Production. Lastly, the Court finds no evidence to suggest that Plaintiff's motion is made in bad faith or that Plaintiff's proposed amendments would be futile.

Accordingly, the Court finds that Plaintiff has satisfied Rule 15(a).

## III. Conclusion

For the reasons set forth above, the Court grants Plaintiff's motion to amend the SAC, and leave to file a third amended complaint within (30) days of the date of this Memorandum and Order.

Dated: June 14, 2019
       Brooklyn, New York

SO ORDERED:

            s/ MKB
MARGO K. BRODIE
United States District Judge